1  MCLAIN PC
   ERIK MCLAIN SBN 219008
2  114 PACIFICA, SUITE 280
   IRVINE, CA 92618
3  Telephone: (949) 500-2818

4
   Attorneys for Plaintiff
5  KARL FERRIS

6              UNITED STATES DISTRICT COURT

7              CENTRAL DISTRICT OF CALIFORNIA

8
   KARL FERRIS. an individual;          Case No.: 2:15-cv-00802
9
   Plaintiff,                           COMPLAINT FOR:
10
   v.
11                                       **1.) COPYRIGHT INFRINGEMENT**
   ROCKIN ARTWORK, LLC., a Nevada       **(17 U.S.C. § 101, ET. SEQ.);**
12 Limited Liability Company;
   LEGENDARY LICENSING, INC., an        **2.) FALSIFICATION, REMOVAL**
13 unknown business entity;  FIREFLY    **AND ALTERATION OF**
   BRAND MANAGEMENT, LLC, a             **COPYRIGHT MANAGEMENT**
14 California Limited Liability Company; **INFORMATION;**
   ANDREW PITSICALIS, an individual;
15 and DOES 1-10, INCLUSIVE;            **3.) VIOLATION OF CALIFORNIA**
                                        **BUSINESS & PROFESSIONS CODE**
16 Defendants.                          **§17200;**

17
                                        **4.) INTENTIONAL INTERFERENCE**
18                                       **WITH PROSPECTIVE ECONOMIC**
                                        **ADVANTAGE;**
19
20                                       **5.) UNFAIR COMPETITION**

21
22                                       **DEMAND FOR JURY TRIAL**

23
24
25     Plaintiffs  KARL FERRIS, an individual; alleges the following based on information

26 and belief:

27
28
                                        1

**PARTIES**

1.  Plaintiff KARL FERRIS ("FERRIS") is, and at all times relevant hereto was, a an individual and photographer with the legal and/or beneficial ownership of all copyrights, commercial use and merchandising rights, publicity rights and related rights associated with the photographs and images that are the subject of this Complaint.

2.  Plaintiff is informed and believes, and on that basis, alleges that Defendant ROCKIN ARTWORK, LLC is a Limited Liability Company organized and existing pursuant to Nevada Law and regularly conducts business online, and in retail stores within the jurisdictional locale of Los Angeles, CA.  Moreover, Defendant ROCKIN ARTWORK has established sufficient minimum contacts within the locale of Los Angeles, CA such that venue is proper in this Court.

3.  Plaintiffs are informed and believe that Defendant ROCKIN ARTWORK is in the business of licensing, manufacturing, marketing and distributing apparel based on, among other things, images and likeness of the late Jimi Hendrix.

4.  Plaintiffs are informed and believe, and on that basis, allege that Defendant LEGENDARY LICENSING is an unknown business entity with a business address located within the State of California, County of Orange, and within the jurisdictional locale of this Court such that venue is proper in this judicial district.

5.  Plaintiffs are informed and believe, and on that basis, allege that Defendant FIREFLY BRAND MANAGEMENT, LLC is a California Limited Liability Company with its principal offices located within the State of California, County of Los Angeles, and within the jurisdictional locale of this Court such that venue is proper in this judicial district.

5. Plaintiffs are informed and believe, and on that basis, allege that Defendant ANDREW PITSICALIS is the principal Managing Member of ROCKIN ARTWORK and is individually responsible for the acts complained of in this Complaint.

6. Plaintiffs are ignorant of the true names, capacities, and bases for liability of Defendants DOES 1 through 10, inclusive, and therefore sue said Defendants by their fictitious names. Plaintiffs will amend this Complaint to allege their true names, capacities, or bases for liability when the same has been ascertained. Plaintiffs are informed and believe, and thereon alleges, that Defendants, DOES 1 through 10, inclusive, and each of them, are in some manner liable to Plaintiffs.

7. At all times relevant to this action, each Defendant, including those fictitiously named, was the agent, servant, employee, partner, joint venturer, or surety of the other Defendants, and was acting within the scope of said agency, employment, partnership, venture, in doing the things alleged herein.

## JURISDICTION AND VENUE

8. These claims arise under the Copyright Act of 1976, 17 U.S.C. Section 101, *et. seq.* (the "Copyright Act"), California Business & Professions Code Section 17200; and the state law of unfair competition.

9. This Court has subject matter jurisdiction pursuant to 28 U.S.C. Section 1331 (federal question), and 15 U.S.C. Sections 1331 and 28 U.S.C. Section 1338 (jurisdiction for copyright and trademark actions). In addition, the Court has supplemental jurisdiction over all claims pleaded under state law pursuant to 28 U.S.C. Section 1367.

10. This Court has personal jurisdiction over each and every one of the Defendants, as each and every one of the Defendants has maintained systemic contact with

3

the State of California and committed acts that have caused tortious injury in this Judicial District. Moreover, based upon information and belief, Defendant LEGENDARY LICENSING resides within the State of California within this Judicial District.

11. Each and every one of the Defendants has conducted business in California through direct catalogue solicitations, directly in and through retail establishments and through the easy availability of each and every one of Defendants' products in the State of California. In conducting their business in California, each and every one of the Defendants has caused injury by an act and/or series of acts performed in California.

12. Venue as related to Defendants is proper in this Court pursuant to 28 U.S.C. Section 1391 (a) and (b). Since each and every one of the Defendants is subject to personal jurisdiction in this Judicial District, Defendants reside in this Judicial District for purposes of 28 U.S.C. Section 1391. Defendant LEGENDARY LICENSING's business address is located in the City of Huntington Beach, County of Orange, State of California. Defendant FIREFLY BRAND MANAGEMENT, LLC is located in the City of Los Angeles, County of Los Angeles.

## FACTUAL BACKGROUND & PLAINTIFFS' INTELLECTUAL PROPERTY

13. Plaintiff KARL FERRIS is an English photographer/designer who has been best known as one of the principal innovators and photographers relating to British Rock Elite such as Eric Clapton, Cream, Donovan, and more specifically Jimi Hendrix. FERRIS is a world-renowned photographer who has obtained independent notoriety and recognition for his extensive work and commissions associated with such iconic artists as Jimi Hendrix, Eric Clapton, Paul McCartney, Graham Nash, Pink Floyd, and John Lennon.

14.     In or about 1967, FERRIS was introduced to singer/guitarist Jimi Hendrix through the musician Chas Chandler. At that time, Hendrix was impressed with FERRIS' photography and requested FERRIS to be his photographer and to shoot the cover of the album, "Are You Experienced." At that time, FERRIS shot numerous photographs which ultimately became the cover art and back cover art for the album "Are You Experienced."

15.     Plaintiff FERRIS owned the copyrights to these images pursuant to English law based upon the first publication/display in 1967. These group of photographs were also part of a collective project known as the "Saville Theater Program" which was wholly created by FERRIS.

16.     FERRIS owns, holds and/or possesses exclusive rights including but not limited to copyrights in and to the collective work of Saville Theater Program comprised of the photographs known as 1.) Are You Experienced Front Cover; 2.) Are You Experienced Back Cover; 3.) Electric Ladyland Left Side Gatefold Cover; and 4.) Electric Ladyland Right Side Gatefold Cover (Collectively, the "Photographs.)

17.     Plaintiff FERRIS has obtained copyright registration indexed under the title "The Jimi Hendrix Experience Front Cover" for each and every photograph mentioned in paragraph 17 as U.S. Copyright registration number: VA0001649955.

18.     As a result of the success and popularity of the Copyrighted images and the substantial time, money and effort that has been expended to promote them, merchandise based on the images has been widely sold and distributed in the United States and elsewhere. Such merchandise has been identified by various images and emblematic of the photographs which take on secondary meaning. Thus a significant number of the consuming public associates these images with KARL FERRIS.

19.    The FERRIS' intellectual property and specifically the copyrighted images continue to be highly profitable properties for purposes of merchandise and apparel licensing.    Under applicable licensing agreements, apparel is widely available to the general public through various retail outlets.  These apparel products are manufactured under strict quality control and style approval.

20.    Plaintiff has not granted to Defendants any right to use Plaintiffs' Intellectual Property.    In particular, Plaintiffs have not granted to Defendants any right to use the following incorporated photograph (Hendrix image itself) which remains the Intellectual Property of Plaintiffs pursuant to copyrights and copyright registration:



Defendants PITSICALIS; ROCKIN ARTWORK; and LEGENDARY LICENSING unlawfully sold, marketed, manufactured, advertised, licensed, and distributed, the following T-shirt bearing the images belonging to Plaintiff KARL FERRIS:



21.  The image used by Defendants is clearly infringing as it represents an identical duplicate of the copyright image belonging to Plaintiff:

Copyrighted Image:                    Infringing Image:



## DEFENDANTS' INFRINGING ACTS

22.    Defendants ROCKIN ARTWORK, LLC, LEGENDARY LICENSING, and ANDREW PITSICALIS, FIREFLY BRAND MANAGEMENT, LLC on information and belief, purport to license FERRIS imagery for use on OTHER clothing and OTHER merchandise than that set forth in paragraph 21 above. Based upon further information and belief, Defendants license these images with full knowledge that they belong to FERRIS. Based upon information and belief, Defendants license these images willfully based upon the mere fact that JIMI HENDRIX' brother (LEON HENDRIX) is a Member of ROCKIN ARTWORK, LLC. Defendant PITSICALIS is an officer, employee, director, shareholder, authorized agent, and/or alter ego of ROCKIN ARTWORK and LEGENDARY LICENSING and solely controls its affairs.

23.    Moreover, on or about July 25, 2008 FERRIS entered into a certain "Photo Permission Licensing Agreement" by and between himself and an entity known as HendrixLicensing.com (PITSICALIS' former business entity) whereby FERRIS granted HendrixLicensing.com limited rights for an initial period of 3.5 years, which was subsequently revoked in 2009. Based upon information and belief, Defendant PITSICALIS was the Managing Member of HendrixLicensing.com. (A true and correct copy of the "Photo Permission Licensing Agreement" is attached to this Complaint as Exhibit 1 and hereby incorporated by reference.)

24.    The Photo Permission Licensing Agreement was revoked in 2009. Although the Photo Permission Licensing Agreement provided terms for the possibility of a renewal, no such renewal was granted by FERRIS. Likewise, there was no agreement by and between FERRIS on the one hand and Defendants ROCKIN ARTWORK, LLC or LEGENDARY

1    LICENSING.

2        25.    The Photo Permission Licensing Agreement obligated Hendrix Licensing to:

3    • Obtain approval for usage, including all proposed licensees and all proposed designs

4        for products

5

6    • Obtain approval of all samples prior to reproduction;

7    • Pay a royalty of 50% of all sales of all limited edition prints;

8    • Pay a royalty of 60% of all gross royalties received and also from any 3rd party

9        sublicensing;

10

11   • Pay all royalties received within 14 days of receipt;

12   • Submit to Ferris every calendar quarter, a written sales report setting forth all revenues

13       received from the licensing and print sales of the Ferris collection.

14
15       26.    HendrixLicensing.com, which was owned and run by PITSICALIS never

16   provided any samples for approval; never provided any designs for approval; never provided

17   information regarding licensees; never provided any sales reports; and never paid any

18   royalties to FERRIS despite express obligations to the contrary.  Although

19   HendrixLicensing.com breached the Photo Permission Licensing Agreement, based upon

20   information and belief, it is a "Revoked" Nevada Limited Liability Company.

21

22       27.    Although PITSICALIS, ROCKIN ARTWORK, FIREFLY BRAND

23   MANAGEMENT, LLC, AND LEGENDARY LICENSING do not hold any legal rights to

24   the Intellectual Property of FERRIS and more particularly, the copyrighted images, in or

25   about July 2014, FERRIS learned that Defendants have been unlawfully licensing,

26   manufacturing, advertising, and/or  distributing FERRIS Intellectual Property to third-party

27
28   manufacturers and distributors such as Fifth Sun; Ripple Junction; American Classics; Art

Brands; Freeze; and other third parties that shall be determined through discovery and investigation. Based upon further information and belief, these third-party unauthorized, licensed products were sold in major retail chains such as Target, Walmart, Hot Topic, Urban Outfitters, Old Navy, and/or Kohls.

28.    In particular, and for example, in or about July 2014, Rockin Artwork in association with Legendary Licensing purported to license FERRIS' images to Fifth Sun for purposes of a T-shirt. This shirt was ultimately sold at Target and bore a false copyright registration which falsely stated, "Legendary Licensing in Association with Rockinartwork.com."




28.    Duly licensed and authorized apparel by FERRIS regularly contains the copyright notice of "Copyright KARL FERRIS under license by OPTIVE MARKETING." Based upon information and belief, the altered copyright notice by Defendants was an intentional and willful effort to mislead the retailer and the consumer public.

29.     Upon discovery of the infringing T-shirts, FERRIS (by and through his attorneys) immediately notified Defendants that the T-shirt was not authorized and demanded a report of any and all other purported licensees, as well as detailed sales reports setting forth all profits and revenues generated from all purported licensees. Defendants PITSICALIS and ROCKIN ARTWORK, LLC refused to provide any information. Defendants further asserted that they had a license pursuant to the July 25, 2008 "Photo Permission Licensing Agreement."

30.     Defendants, including but not limited to FIREFLY BRAND MANAGEMENT, LLC, ROCKIN ARTWORK, LLC, and PITSICALIS, continue to unlawfully advertise, market, manufacture, sell, license, and or distribute FERRIS' images through its website, rockinartwork.com. By continuing to design, manufacture, distribute, license, and/or sell the infringing merchandise and images, Defendants were and are attempting to trade on the goodwill established by Karl Ferris in his own Intellectual Property. In fact, Defendants' website states the following: "Rockin Artwork, LLC has access to the Jimi Hendrix Intellectual Property including image, photo and artistic-based likeness."

31.     By continuing to design, manufacture, distribute, license, and/or sell the infringing merchandise and images, Defendants' actions constitute a bad faith attempt to profit from the registered rights owned by Plaintiffs.

32.     Upon information and belief, Defendants' continued design, manufacture, sale, distribution, license, and/or marketing of the infringing merchandise constitutes federal Copyright infringement, unfair competition, and intentional interference with prospective economic advantage.

33.    Upon information and belief, Defendants did not believe and had no reasonable grounds to believe that the design, marketing, distribution, license, or sale of the infringing merchandise was a fair use or otherwise lawful.

## FIRST CAUSE OF ACTION

**(Copyright Infringement Pursuant to 17 U.S.C. § 101, et. seq. – against all Defendants)**

34.  PLAINTIFFS incorporate herein by reference, as though fully set forth below, each and every previous and subsequent paragraph of this Complaint.

35.  This claim arises under the Copyright Act of 1976, 17 U.S.C. § 101, et. seq.

36.  FERRIS is the lawful owner and registrant of the copyrights registered under United States Copyright Office number VA0001649955.  The photographs are wholly original and constitute copyrightable subject matter under the Copyright Act.

37.  At all times relevant to this Complaint, the copyrights were and are owned by Plaintiffs.  The Defendants have infringed and contributorily infringed the copyrights to the FERRIS images.

38.    Defendants, by without limitation, licensing, marketing, designing, manufacturing, reproducing, advertising, displaying, selling, distributing, and otherwise exploiting merchandise featuring the FERRIS Intellectual Property, Defendants have infringed and will continue to infringe Plaintiffs' copyright interests.

39.    Defendants' infringing acts were, and continue to be, committed willfully and knowingly.

40.    Due to the voluntary and willful nature of Defendants' wrongful acts, Plaintiffs have suffered and will continue to suffer injury and damage in an amount to be determined at trial. Furthermore, Plaintiffs are informed and believe, and based thereon allege, that

Defendants have received or will receive profits, gains, or other benefits from their infringing activities, all of which is demanded to be disgorged to Plaintiffs. In the alternative, Plaintiffs reserve the right to seek statutory damages for Defendants' intentional infringement of their copyrighted works.

41.     Defendants' infringement of Plaintiffs' copyrighted works has caused and will cause irreparable harm to Plaintiffs which cannot be fully compensated by money. Plaintiffs have no adequate remedy at law. Plaintiffs are therefore entitled to preliminary and permanent injunctive relief, preventing Defendants from continuing to infringe Plaintiffs' copyrighted works.

42.     Plaintiffs have and will incur attorneys' fees in pursuing this action, which Plaintiffs demand as recovery from Defendants.

## SECOND CAUSE OF ACTION

**(Falsification, Removal and Alteration of Copyright Management Information in Violation of 17 U.S.C. §1202 --- Against PITSICALIS, ROCKIN ARTWORK, AND LEGENDARY LICENSING)**

43. Plaintiffs incorporate herein by reference, as though fully set forth below, each and every previous and subsequent paragraph of this Complaint.

44. FERRIS regularly includes a copyright notice, and requires all licensees to include a copyright notice, that states "Copyright Karl Ferris under license by Optive Marketing." This notice accurately identifies Karl Ferris as the copyright holder and or the organization with which Ferris was associated.

45.     Defendants have removed all references to Karl Ferris from the image sold to Target and others.

46.    In place of the Ferris copyright notice, Defendants have presented false, altered, inaccurate, and intentionally misleading copyright notice information that purports to identify Legendary Licensing in Association with Rockin Artwork which has no copyright ownership interest.

47.    Defendants' falsification, removal and alteration of the copyright notice information was made without the knowledge or consent of Ferris.

48.    As a result of Defendants' actions, Plaintiffs have suffered and will continue to suffer injury and damage in an amount to be determined at trial.  Furthermore, Plaintiffs are informed and believe, and based thereon allege, that Defendants have received or will receive profits, gains, or other benefits from their falsification, all of which is demanded to be disgorged to Plaintiffs.  In the alternative, Plaintiffs reserve the right to seek statutory damages for Defendants' intentional violation of 17 U.S.C. Section 1202.

### THIRD CAUSE OF ACTION

**(Violation of California Business & Professions Code Section 17200 Against All Defendants)**

49.  Plaintiffs incorporate herein by reference, as though fully set forth below, each and every previous and subsequent paragraph of this Complaint.

50.  Defendants' acts and practices as detailed above constitute acts of unfair competition. Defendants have engaged in an unlawful, unfair or fraudulent business act and/or practice within the meaning of California Business & Professions Code §17200.

51.  Defendants have engaged in an "unlawful" business act and/or practice by engaging in the conduct set forth above. These business acts and practices violated numerous provisions of law, including, *inter alia*, state and federal laws as set forth above.

52.    Through the above-described conduct, Defendants have engaged in an "unfair" business act or practice in that the justification for such actions and the refusal to notify the general public of the true facts, either in the past or presently, based on the business acts and practices described above is outweighed by the gravity of the resulting harm, particularly considering the available alternatives, and/or offends public policy, is immoral, unscrupulous, unethical and offensive, or causes substantial injury to consumers.

53.    By engaging in the above-described conduct, Defendants have engaged in a "fraudulent" business act or practice in that the business acts and practices described above had a tendency and likelihood to deceive the general public.

54.  Pursuant to California Business & Professions Code §17203, Plaintiffs seek a temporary, preliminary and/or permanent order from this Court prohibiting Defendants from refusing to continue to engage in the unlawful, unfair, or fraudulent business acts or practices set forth in this Complaint and from failing to fully disclose the true facts as set forth herein, and or ordering Defendants or their representatives to stop misleading the public and engage in a corrective campaign, particularly in light of the public misperception created by Defendants' and/or their representatives' misstatements and omissions of material fact, as well as provide appropriate equitable monetary relief as the court deems just and appropriate to all persons with a vested interest therein.

## FOURTH CAUSE OF ACTION

### (Intentional Interference with Prospective Economic Advantage – Against All Defendants)

55.  Plaintiffs incorporate herein by reference, as though fully set forth below, each and every previous and subsequent paragraph of this Complaint.

56.    Based upon information and belief, at the time Defendants adopted and began using the Ferris Intellectual Property and since that time, Defendants knew and have known that Plaintiff has the sole right and authority to use the Ferris Intellectual Property in commerce.

57.    Defendants committed acts intended or designed to disrupt Plaintiff's prospective economic advantage arising from advertising, marketing, licensing, selling, or distributing the Ferris images by placing goods in mass market retailers (such as Target) thus lessening the exclusivity of the merchandise/apparel.

58.    Defendants' actions have disrupted or are intended to disrupt Plaintiff's business by, among other things, diverting customers away from genuine authorized products bearing the Ferris Intellectual Property to Defendants' unauthorized products bearing the same.

59.    Defendants have no legal right, privilege or justification for their conduct.

60.    As a direct and proximate result of Defendants' intentional interference with Plaintiffs' prospective economic advantage, Plaintiffs have suffered and will continue to suffer monetary damages and irreparable injury.

61.    Based on the intentional, willful and malicious nature of Defendants' actions, Plaintiff is entitled to recover exemplary and punitive damages against Defendants.

## PRAYER FOR RELIEF:

**WHEREFORE** PLAINTIFF prays for judgment against Defendants, and each of them, as follows:

1.    An injunction enjoining Defendants (preliminarily and permanently) from future use of the Ferris Intellectual Property, including but not limited to the copyrights registered as

1  number VA0001649955  and from falsifying, removing or altering the accurate copyright
2  notice for Karl Ferris.

3      2.   An Order directing the immediate and complete surrender of any and all
4  merchandise, designs, plans, marketing materials, advertisements, conceptual, etc. featuring
5  the Ferris Intellectual Property, including but not limited to the copyrights registered as
6  VA0001649955;

7      3.   Ordering an accounting and entering judgment for Plaintiff and against each
8  Defendant for: All profits, gains, or revenues received by any of the Defendants from the
9  licensing, designing, marketing, distribution or sale of the Ferris Intellectual Property, and
10  from the falsification, removal and alteration of the copyright information, as provided by 17
11  U.S.C. §504 (b) and 1203 (c); and

12      4.   An award of all damages owed to Plaintiff as prescribed by law in an amount to
13  be proven at trial;

14      5.   An award of treble damages, punitive damages, costs of suit, prejudgment interest,
15  and attorneys' fees; and

16      6.   In the alternative, at the election of Plaintiff, awarding statutory damages against
17  each Defendant in an amount equal to $150,000 per copyrighted work as a result of copyright
18  infringement for each work infringed by such Defendant, as provided for in 17 U.S.C. § 504
19  and in an amount up to $25,000 per violation of 17 U.S.C. §1202;

20      7.   For such other and further relief as the Court deems equitable and proper

22  Dated: February 3, 2015

        McLAIN PC

        By: _____
        Erik McLain

        Attorneys for Plaintiff
        KARL FERRIS